**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAMION D. DOBNEY | |
| Plaintiff, | Civil Action No. 2:26-cv-3722 |
| v. | **NOTICE OF REMOVAL** |
| NATIONAL COMPREHENSIVE CANCER NETWORK | *Electronically Filed* |
| Defendant. | |

Defendant National Comprehensive Cancer Network, Inc. ("NCCN") by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby submits this Notice of Removal of this action from the Court of Common Pleas of Montgomery County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania. In support of its Notice of Removal, NCCN respectfully submits as follows:

## I.    PROCESS, PLEADINGS, AND ORDERS

1.    On April 9, 2026, Plaintiff Damion D. Dobney ("Mr. Dobney") filed a Complaint in the Court of Common Pleas of Montgomery County, Pennsylvania, docketed as 2026-06490 (the "State Court Action.") *See* Complaint, attached as Exhibit A.

2.    In the Complaint, Mr. Dobney alleges NCCN discriminated and retaliated against him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Pennsylvania Human Relations Act (the "PHRA".) *See generally* Ex. A.

3.    On May 4, 2026, NCCN was served a copy of the Complaint. *See* Montgomery County Sheriff's Department Order for Service, attached as Exhibit B.

## II.    VENUE

4.    Because the Court of Common Pleas of Montgomery County, Pennsylvania, lies in

the Eastern District of Pennsylvania, this Court is the proper venue for removal. *See* 28 U.S.C. § 1441(a).

**III.    FEDERAL QUESTION JURISDICTION EXISTS UNDER 28 U.S.C. § 1331**

5.    This Court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In deciding whether a suit arises under federal law, the district court follows the "well pleaded complaint" rule, under which a suit arises under federal law when the plaintiff's statement of his own cause of action shows that it is based on federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6.    Mr. Dobney asserts claims under Title VII, a federal law.

7.    Mr. Dobney seeks a determination of whether NCCN violated federal law, so this Court has original jurisdiction over this action and removal is proper without regard to the amount in controversy or citizenship of the parties.

8.    In addition, this Court has supplemental jurisdiction over Mr. Dobney's state law claims.  When a district court has original jurisdiction over a civil action pursuant to 28 U.S.C. § 1331, the court can exercise jurisdiction of the state law claims that "form part of the same case or controversy" as the federal law claims. 28 U.S.C. § 1367(a).

9.    Mr. Dobney's state law claims under the PHRA meet this standard because they share a "common nucleus of operative fact" with his Title VII claims "such that he would ordinarily be expected to try them all in one judicial setting." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

10.    Specifically, the alleged discrimination and retaliation under Title VII and the PHRA both arise from the same factual core: Mr. Dobney's race, color, and national origin; his employment at NCCN; his alleged internal complaints of discrimination; the same supervisors and decisionmakers; the same alleged work assignments; and alleged constructive discharge.

11.    As a result, Mr. Dobney's PHRA claims arise out of the "same case or controversy" as his Title VII claims and are subject to the Court's supplemental jurisdiction.

12.    By reason of the foregoing and pursuant to 28 U.S.C. § 1331, NCCN is entitled to have the State Court Action removed from the Court of Common Pleas of Montgomery County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

## IV.    COMPLIANCE WITH PROCEDURAL REQUIREMENTS

13.    This Notice of Removal is timely filed Pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of service of the Complaint upon NCCN.

   A.    All documents filed in the State Court Action are attached hereto as Exhibits A, B, C, and D. *See* Exhibit E, a true and correct copy of the State Court Action docket.

   B.    As required by 28 U.S.C. § 1446(d), the undersigned is providing written notice to Mr. Dobney and filed a copy with the Court of Common Pleas of Montgomery County, Pennsylvania.

14.    NCCN reserves the right to submit further evidence supporting this Notice should Mr. Dobney move to remand.

## V.    CONCLUSION

WHEREFORE, NCCN respectfully requests that this case be removed to the United States District Court for the Eastern District of Pennsylvania, that this Court accept jurisdiction of this action, and that this action be henceforth placed on the docket of the Court for all further proceedings as though it had been originally instituted and commenced in this Court.

Respectfully submitted,

Dated:  June 1, 2026

*/s/ William J. Leahy*

William J. Leahy, Bar No. 80340
wleahy@littler.com
Brad Kessler, Bar No. 338118
bkessler@littler.com
LITTLER MENDELSON, P.C.
Three Parkway, 1601 Cherry Street
Suite 1400
Philadelphia, Pennsylvania 19102.1321
Telephone:    267.402.3000
Facsimile:    267.402.3131

Attorneys for Defendant
NATIONAL COMPREHENSIVE CANCER
NETWORK

4

## <u>CERTIFICATE OF SERVICE</u>

I, William J. Leahy, hereby certify that on the 1st day of June 2026, the foregoing

document was served via first class mail upon Damion D. Dobney:

Damion D. Dobney
623 Gary Lane
Norristown, PA 19401
*Pro Se Plaintiff*

/s/ *William J. Leahy*
William J. Leahy